UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

KENDLE MARDIS,

    Petitioner,

v.

J.A. BARNHART, Warden,

    Respondent.

Civil Action No. 6:19-047-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Kendle Mardis is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Mardis filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Mardis's petition.

In 2015, Mardis pled guilty to conspiracy to possess with the intent to distribute and to distribute controlled substances, including 1,000 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846. *See United States v. Mardis*, No. 1:14-cr-068 at R. 219 (S.D. Ind. 2015). Mardis stipulated in his plea agreement that he was a career offender within the meaning of United States Sentencing Guidelines § 4B1.1. *See id.* at R. 219 at 4. The trial court agreed that Mardis was a career offender pursuant to § 4B1.1 because he had multiple prior felony convictions—two for controlled substance offenses and one for a crime of violence. *See id.* at R. 333 at 3 (later explaining the various guidelines-related calculations). Ultimately, the trial court determined that Mardis's advisory

guidelines range was 151 to 188 months in prison. *See id*. That said, the trial court actually sentenced Mardis to a below-guidelines sentence of 137 months in prison. *See id.* at R. 277. Mardis's subsequent efforts to vacate his sentence pursuant to 28 U.S.C. § 2255 were unsuccessful. *See id.* at R. 333.

Mardis has now filed a § 2241 petition with this Court. [R. 1]. The crux of Mardis's argument is that, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and multiple federal circuit court decisions, his prior convictions are no longer valid predicate offenses for purposes of the career-offender enhancement under the advisory sentencing guidelines. Thus, Mardis argues that this Court should resentence him without the career offender enhancement. [R. 1-1 at 10].

As an initial matter, Mardis waived his right to collaterally attack his underlying sentence. Indeed, Mardis specifically said in his plea agreement that he "expressly agrees not to contest his conviction or sentence or seek to modify his sentence or the manner in which it was determined in *any* type of proceeding, including, *but not limited to*, an action brought under 28 U.S.C. 2255." *United States v. Mardis*, No. 1:14-cr-068 at R. 219 at 3 (S.D. Ind. Aug. 26, 2015) (emphasis added). This broad waiver precludes the arguments that Mardis makes in this case. After all, "[i]t is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable." *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018); *see also Ewing v. Sepanek*, No. 0:14-cv-111-HRW (E.D. Ky. Jan. 6, 2015); *Solis-Caceres v. Sepanek*, No. 0:13-cv-021-HRW (E.D. Ky. Aug. 6, 2013); *Combs v. Hickey*, No. 5:11-cv-012-JMH (E.D. Ky. Jan. 7, 2011). In short, Mardis is barred from collaterally attacking his underlying sentence in his habeas petition.

That said, even if Mardis's collateral attack waiver was not enforceable, his § 2241 petition would still constitute an impermissible collateral attack on his sentence. While a federal prisoner may challenge the legality of his sentence in a § 2255 motion, he generally may not do so in a §

2

2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Mardis cannot use a § 2241 petition as a way of challenging his underlying sentence.

It is true that, in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the United States Court of Appeals for the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, in doing so, the court expressly limited its decision to the following, narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply in this case. That is because the trial court sentenced Mardis in 2016, well after the Supreme Court's decision in *Booker* made the sentencing guidelines advisory rather than mandatory. On this basis alone, Mardis's claim does not fall within *Hill*'s limited exception for bringing a § 2241 petition to challenge his federal sentence. *See Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence").

3

Moreover, with respect to the merits of Mardis's claims, he was able to make, and did in fact make, the same arguments in his § 2255 motion, albeit to no avail. *See United States v. Mardis*, No. 1:14-cr-068 at R. 333 (S.D. Ind. Sept. 12, 2018). Thus, Mardis has not shown that his claims "could not have been invoked in the initial § 2255 motion," as is also required for him to proceed via § 2241. *See Hill*, 836 F.3d at 595. For all of these reasons, Mardis's § 2241 petition is unavailing.

Accordingly, it is **ORDERED** as follows:

1. Mardis's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

Dated February 20, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY